

FILED
MAR 2 1 2012
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE QUILLAR,<br><br>                    Petitioner,<br>vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE NINTH JUDICIAL DISTRICT; LORI KOSTER; TAMMY L. NIELSON; SALVATORE TARANTINO; and ELIZABETH A. BARRANCO GUITTARD,<br><br>                    Respondents. | CASE NO. 11-cv-2787 – BEN (PCL)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

On November 12, 2011, Lee Quillar, a state prisoner proceeding *pro se*, filed a document entitled "Notice of Petition for Order to Take Deposition Before Action in Order to Perpetuate Testimony," [Doc. No. 1], which this Court construed liberally as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Quillar then filed a copy of his prison trust account statement, which the Court construed as a request to proceed *in forma pauperis*, and a request for scheduling order. [Doc. Nos. 2, 3.] In the Petition, Quillar asked the Court for an "order to perpetuate testimony" of Respondents, so that he could obtain evidence necessary for filing a complaint under 42 U.S.C. § 1983. (Pet., at 1, 4.) On February 8, 2012, the Court granted Quillar's request to proceed *in forma pauperis*, dismissed the Petition without prejudice, and denied as moot the request for a scheduling order. [Doc. No. 4.] Quillar filed a notice of appeal on February 23, 2012. [Doc. No. 5.]

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner does not have to show "'that he should prevail on the merits. He has already failed in that endeavor.'" *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Here, the Court denied the Petition on two grounds. First, Quillar failed to name a proper respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894-95 (9th Cir. 1996). Second, Quillar failed to allege how his state court conviction or sentence violated the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Having fully reviewed the legal issues raised by the Petition, the Court concludes that the claims raised therein are not such that "jurists of reason could disagree with the district court's resolution" of them, nor are they sufficiently adequate "to deserve encouragement to proceed further." *See Miller-El*, 537 U.S. at 327.

Based on the foregoing, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: March __, 2012

Honorable Roger T. Benitez
United States District Judge